UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>YOUNG'S COMMERCIAL TRANSFER, INC., a corporation, and RIGOBERTO FERNANDEZ JIMENEZ, an individual, d/b/a JIMENEZ TRUCKING,<br><br>Defendants. | No. 1:13-cv-01506-DAD-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE AND REPORTS<br><br>(Doc. No. 54.) |

This matter came before the court on April 5, 2016, for a hearing on defendants' motion to strike plaintiff's expert disclosure and corresponding expert reports. (Doc. No. 54). Attorney Jeff Reich of the Reich Law Firm appeared on behalf of the plaintiff Celia Ramirez, attorney Ryan D. Libke of Emerson, Corey, Sorensen, Church & Libke appeared on behalf of defendants Young's Commercial Transfer, Inc. and Rigoberto Fernandez Jimenez, and attorney D. Clyde Hutchinson of Lombardi Loper & Conant, LLP appeared telephonically on behalf of defendants, cross-defendants and cross-complainants National Railroad Passenger Corporation aka Amtrak, BNSF Railway Company and Barbara Neu.  Following oral argument, the motion was taken under submission.

/////

1

BACKGROUND

The National Railroad Passenger Corporation ("Amtrak"), filed a complaint against defendants, Young's Commercial Transfer, Inc. and Rigoberto Fernandez Jimenez, individually and d/b/a Jimenez Trucking, on September 10, 2013. (Doc. No. 1.) On September 5, 2014, the action was consolidated with *Ramirez v. Jimenez, et al.*, Case Number 1:13-cv-02085. (Doc. No. 27.) On January 25, 2016, this court dismissed the parties in the lead case of the consolidated action, leaving only the claims brought by plaintiff Celia Ramirez against defendants Rigoberto Fernandez Jimenez, Jimenez Trucking, National Railroad Passenger Corporation, Barbara Neu, BNSF Railway Company, Young's Commercial Transfer, Inc., and Does 1 through 200.

Under the court's amended scheduling orders, the deadline for disclosing experts in this action was October 30, 2015, (Doc. No. 42 at 4); the deadline for disclosing rebuttal experts was January 4, 2015, (Doc. No. 44 at 4); and the cutoff for conducting expert discovery was March 18, 2016, (Doc. No. 53 at 2). The parties, apparently pursuant to their own agreement, exchanged expert disclosures on November 3, 2015, rather than by October 30, 2015. (Doc. No. 71 at 2, ¶ 3.) At that time defendants disclosed as experts Dr. Kurt V. Miller and Agnes M. Grogan. (Doc. No. 54 at 3–4.) Plaintiff disclosed Dr. Harvey Lawrence Edmonds as their expert. (Doc. No. 71 at 2, ¶ 4.) Although the deadline set by the amended scheduling order for doing so was January 4, 2015, on January 8, 2016, plaintiff disclosed two new supplemental/rebuttal experts: Johanna D. Evans Budge and Cassandra Lynn Hall Valdivia. (Doc. Nos. 55 at 3, ¶ 9; 55-4 at 2, 24.) Ms. Budge's expert report begins by stating that she has rendered opinions "with regard to the reasonable cost of healthcare [for plaintiff] to date, future plan of care and reasonable care cost(s) thereof," though the report does not ultimately state opinions regarding plaintiff's future life care or future life care costs. (Doc. No. 55-4 at 5.) Ms. Valdivia's report describes a "Nursing Life Care Plan Recommendations" for the plaintiff, setting out a life care plan spanning 46.8 year that includes six hours a day of home care, a gym membership, and a house cleaner, with a total estimated cost of $3,000,000. (Doc. No. 54 at 6.)

On February 5, 2016, counsel for National Railroad Passenger Corporation, Barbara Neu, and BNSF Railway Company, moved to strike plaintiff's rebuttal expert disclosure and

corresponding expert reports as untimely and improper, requesting that the portions of those expert reports concerning plaintiff's future life care needs or associated costs be struck, and that these rebuttal experts be precluded from testifying at deposition or at trial on these topics. (Doc. No. 54.) Plaintiff filed their opposition to that motion on March 22, 2016. (Doc. No. 70.) On March 25, 2016, defendants filed their reply. (Doc. No. 72.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37 provides, in relevant part:

> If a party fails to provide information or identify a witness as required [under the Federal Rules of Civil Procedure,] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

A district court has ultimate discretion in imposing discovery sanctions under Federal Civil Procedure Rule 37. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *see also Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). If a party fails to timely disclose its expert witnesses in a manner prescribed by the court, the court has the authority to strike expert disclosure and reports. In this regard, the Ninth Circuit has stated:

> Rule 26 of the Federal Rules of Civil Procedure requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports. Fed. R. Civ. P. 26(a)(2). Parties must make these expert disclosures at the times and in the sequence that the court orders. *Id*. Rule 37 "gives teeth" to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Yeti by Molly Ltd.*, 259 F.3d at 1106 (citing Fed. R. Civ . P. 37(c)(1)). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Id*. (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). The only exceptions

3

to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose
is substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

*Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).

In determining whether imposition of Rule 37(c)(1)'s exclusionary sanction is appropriate, the district court is to consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)); *see also Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010)[1] (explaining that these five factors should be considered when deciding whether the untimely disclosure was harmless) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).  However, the burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) was substantially justified or harmless.  *Goodman*, 644 F.3d at 827; *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

## ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure provides that parties are required to disclose the identity of any expert witness who will present evidence under Federal Rule of Evidence 702, 703, or 705; most expert disclosures must be accompanied by a written report.  Fed. R. Civ. P. 26(a)(2)(A)–(B).  The parties are required to make those disclosures at the times and in the sequence the court orders.  Fed. R. Civ. P. 26(a)(2)(D); *Goodman*, 644 F.3d at 827.

The Federal Rules of Civil Procedure recognize a distinction between rebuttal expert disclosures and supplemental disclosures.  Rebuttal expert disclosures are proper when the parties seek to present evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2) (B) or (C)."  Fed. R. Civ. P. 26(a)(2)(D).  Thus, to constitute proper rebuttal expert disclosure, the expert's opinion must be designed "to

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

4

contradict or rebut" directly an opinion set forth in the opponent's initial expert disclosure. *Van Maanen v. Youth with a Mission-Bishop*, No. 1:10-cv-00493 AWI JLT, 2011 WL 5838185, at *3 (E.D. Cal. Nov. 21, 2011) (an expert opinion that offers new theories or addresses topics unrelated to the affirmative expert opinion is not proper rebuttal expert testimony); *see also Vu v. McNeil–PPC, Inc.*, No. CV 09-1656 ODW (RZx), 2010 WL 2179882, 2010 U.S. Dist. LEXIS 53639, at *3 (C.D. Cal. May 7, 2010) (noting that "[i]f the phrase 'same subject matter' [in Rule 26] is read broadly to encompass any possible topic that relates to the subject matter at issue, it will blur the distinction between 'affirmative expert' and 'rebuttal expert' . . . and will lead to unjust results"). An opinion needed to prove an element of plaintiff's case in chief is generally not proper rebuttal evidence. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1061–1062 (9th Cir. 2005); *see also Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp.2d 1231 1238 (W.D. Wash. 2003) (noting exclusion of testimony because it "related to issues that were the subject of plaintiff's case-in-chief and therefore was not proper rebuttal")

Under Federal Civil Procedure Rule 26(a)(2)(E), a party has the duty to "supplement or correct its disclosure" in a timely manner when the party learns that, in a material respect, the disclosure is incomplete or incorrect, and the additional or corrective information is unknown to other parties. Fed. R. Civ. P. 26(e)(1)(A). Thus, disclosure of supplemental experts "is an ongoing obligation of the parties to correct earlier opinions disclosed by an expert. It does not refer to the disclosure of a new expert after the court-ordered deadline for simultaneous disclosure." *United States v. Southern Cal. Edison Co.*, No. 1:01–CV–5167 OWW DLB, 2005 WL 7862243, at *3, 2005 U.S. Dist. LEXIS 24592, at *8 (E.D. Cal. Sept. 23, 2005) (quoting *Hampton v. Schimpff*, 188 F.R.D. 589, 590 (D. Mont. 1999)). Supplemental disclosures are not intended to provide an extension of the court's expert designation and report production deadlines. *North View Estates, GP v. Yreka Holdings*, No. 2:08-cv-02230-JAM-GGH, 2010 WL 2035713, at *1 (E.D. Cal. May 20, 2010) ("[A] party may not use a supplement to extend the discovery deadline and introduce [a] new opinion, nor may a party simply use an existing expert's disclosure as a placeholder to spring a supplemental opinion in the eleventh hour") (internal quotation marks and citations omitted); *Southern Cal. Edison Co.*, 2005 WL 7862243, at *3, 2005

U.S. Dist. LEXIS 24592, at *8; *see also Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998) (supplementary disclosures "are not intended to provide an extension of the expert designation and report production deadline"); *cf. Gray v. United States*, No. 05-cv-1893, 2007 WL 4644736, at *2 n.1 (S.D. Cal. Mar. 12, 2007) (rejecting the suggestion that new opinions are never allowed by way of supplemental disclosure, and finding that parties are only prohibited from introducing substantially different opinions when supplementing).

Defendants have moved to strike plaintiff's rebuttal expert disclosure and corresponding expert reports, arguing that the disclosure of experts Johanna D. Evans Budge and Cassandra Lynn Hall Valdivia was both untimely and improper. (Doc. No. 54 at 1.) Defendants make two arguments. First, they contend that the challenged opinions constitute improper rebuttal expert disclosures because the portions of those reports concerning plaintiff's future life care needs and the associated costs of such care do not in any way contradict or respond to the opinions of defendants' properly disclosed experts. (*Id.* at 5–6.) In particular, defendants argue that initial report of their expert Dr. Miller included his opinions as to plaintiff's past and future medical care, but did not include any opinion as to plaintiff's future life care needs. (*Id.* at 7; Doc. No. 72 at 3.) Second, defendants argue that the belatedly disclosed expert opinions are improper supplemental expert disclosures because the reports of Ms. Budge and Ms. Valdivia do not in any way act to supplement the opinion of plaintiff's initially disclosed expert, but instead introduce entirely new expert opinions addressing an area previously unaddressed. (Doc. No. 54 at 5–8.) Defendants contend that Federal Civil Procedure Rule 26(e) only permits parties to correct or supplement incomplete earlier expert disclosures, but does not permit designation of new experts after expiration of the court-ordered deadline for expert disclosures. (*Id.* at 6.) Defendants argue that "[n]one of plaintiff's earlier disclosed experts opined as to plaintiff's future life care needs." (*Id.* at 7.)

Because it is not their burden, defendants have not explicitly address the question of whether plaintiff's allegedly improper supplemental/rebuttal disclosures were substantially justified or harmless. However, defendants do suggest that "failure to timely disclose the opinions of Ms. Budge and Ms. Valdivia . . . prejudices defendants" by denying them the

6

1  opportunity to retain experts to rebut the newly-introduced opinions. (Doc. No. 54 at 7; 72 at 4.)
2  At oral argument, counsel for defendants elaborated on the prejudicial impact of plaintiff's
3  belated disclosures. First, defense counsel argued that plaintiff's late disclosure prejudiced
4  defendants in planning their litigation strategy. Specifically, counsel argued that if the disclosure
5  had been timely, defendants would have: deposed plaintiff's new experts; reopened the
6  deposition of plaintiff in order to question her about the new issues and claims raised by the most
7  recent expert reports; and retained their own experts to rebut the life care plan recommendations
8  made by plaintiff's newly announced experts. Defense counsel disagreed with the notion that
9  their own experts had already been able to respond to plaintiff's new expert disclosures. While
10 acknowledging that Dr. Miller had responded briefly to the reports of Budge and Valdivia, (Doc.
11 No. 71-2 at 2), defense counsel emphasized that Dr. Miller had been retained to address only
12 plaintiff's medical conditions and not her future life care plans, and that his response to those
13 recently revealed expert opinions had necessarily been only a cursory one. Additionally, defense
14 counsel noted that plaintiff had not come forward with any showing that their untimely expert
15 disclosures had been substantially justified or harmless.

16      Plaintiff's counsel refutes defendants' arguments concerning the disclosure of experts
17 Budge and Valdivia, arguing that the court should deny defendants' motion to strike for two
18 reasons. First, according to plaintiff, the disclosures were timely and constituted proper rebuttal
19 and/or supplemental disclosures. (Doc. No. 70 at 2–4.) Plaintiff's counsel states that their new
20 rebuttal/supplemental experts were disclosed on January 8, 2016, which counsel describes as the
21 agreed upon extended deadline for rebuttal expert disclosures. (Doc. No. 71 at 4, ¶ 11.)
22 Plaintiff's counsel also claims that the January 8, 2016 expert disclosures were proper rebuttal
23 expert disclosures, explaining that they countered opinions provided by defendant experts Dr.
24 Miller and Grogan concerning "the need for [plaintiff's] future care and the costs associated with
25 that care." (Doc. No. 70 at 3.) Plaintiff's counsel also contends that the January 8, 2016
26 disclosures were proper supplemental disclosures, because they elaborated on opinions
27 concerning future care of plaintiff that were set forth in original report from plaintiff's expert, Dr.
28 Edmonds. (Doc. No. 70 at 4.) In this regard, plaintiff's counsel states that "Dr. Edmonds

7

addressed future care of plaintiff in his report but did not discuss cost," and explains that plaintiff offered the new expert reports to fill in these gaps. (Doc. No. 70 at 4.)

Second, plaintiff argues that even if the expert reports were disclosed in an untimely or improper manner, the court should deny defendants' motion to strike because any untimeliness was harmless. (Doc. No. 70 at 4–5.) Plaintiff asserts that the arguably belated disclosure of these experts and their reports has not prejudiced defendants since they have had sufficient time to respond. (Doc. No. 71 at 4, ¶ 11.) Plaintiff points specifically to the fact that defendants' expert, Dr. Miller, was able to submit a supplemental report on January 25, 2016, responding to Ms. Valdivia's conclusions as to plaintiff's future life care needs, and that Dr. Miller testified about this report during his deposition. (Doc. No. 71 at 2–3, ¶ 8; 71-2 at 2.)

Having considered the arguments of the parties, the court concludes that plaintiff's disclosure of experts Budge and Valdivia was untimely. Plaintiff did not disclose these experts or their reports until January 8, 2015. (Doc. No. 55-4 at 3.) However, under the court's scheduling order, the deadlines for initial expert disclosures was October 30, 2015, and the deadline for rebuttal expert disclosures was January 4, 2016[2], respectively. (Doc. Nos. 42 at 4; 44 at 4.) The disclosure was clearly untimely as an initial expert disclosure. Moreover, Budge and Valdivia cannot be fairly characterized as rebuttal experts since they addressed in their reports a life care plan for plaintiff that was unaddressed by defendant's expert and unrelated to the opinion he had expressed. *See Van Maane*, 2011 WL 5838185, at *3 (an expert opinion that offers new theories or addresses topics unrelated to the affirmative expert opinion is not proper rebuttal expert testimony); *Hellman-Blumberg v. University of the Pacific*, No. 12-cv-0286, 2014 WL 813062, at *2-3 (E.D. Cal. Feb. 28, 2014).

Both because their disclosure was untimely under either deadline and because they are not proper rebuttal experts, the next question is whether plaintiff's disclosure of the two experts and their reports constituted proper supplemental disclosures. The court concludes that they are not.

---

[2] As all counsel are aware, the deadlines set by the court in the scheduling order are controlling. While counsel may reach informal agreements between one another, those agreement are not enforceable when at odds with the court's own orders.

Budge and Valdivia were not designated in plaintiff's initial expert disclosures.  (Doc. No. 71 at 2, ¶ 4.)  Plaintiff's counsel describes the January 8, 2016, disclosures as merely supplementing the original expert report from Dr. Edmonds.  The court disagrees.  Experts Budge and Valdivia addressed a life care plan for plaintiff and the costs thereof.  That was a subject that was unaddressed by plaintiff's initially disclosed expert, Dr. Edmonds.  Of course, plaintiff may not properly designate entirely new experts under the guise of supplemental disclosure.  *See Southern Cal. Edison Co.*, 2005 WL 7862243, at \*3; *North View Estates, GP*, 2010 WL 20357136, at \*1.

  As noted above, however, exclusion of the untimely disclosed experts is not appropriate where plaintiff can satisfy her burden of establishing that the belated disclosure was either substantially justified or harmless.  Plaintiff has failed to meet that burden.  First, plaintiff has offered no evidence demonstrating a substantial justification for the untimely disclosure of experts Budge and Valdivia and their reports.  Indeed, at oral argument counsel for plaintiff conceded that "in a perfect world," plaintiff would have obtained and disclosed those expert reports at an earlier time.  Second, plaintiff has offered no persuasive argument that the late disclosure under these circumstances was harmless.  On the other hand, defendants have persuasively argued that allowing the untimely expert disclosures in this case would significantly prejudice them.  In this regard, plaintiff has merely argued that defendants' expert, Dr. Miller, was able to respond to the expert reports of Budge and Valdivia in the time remaining under the court's scheduling order.  However, defendants have pointed out that Dr. Miller's response was limited since he was not qualified to speak to the future life care plan raised for the first time by the reports of Budge and Valdivia, and that if disclosure had been timely, defendants would have sought to conduct further discovery (including a further deposition of plaintiff) so as to be prepared to introduce additional evidence at trial with respect to this new issue.  (Doc. Nos. 71 at 4, ¶ 11; 71-2 at 2); *cf. Manneh v. Inverness Medical Innovations, Inc.*, No. 086cv53 WGH (NLS), 2010 WL 3212129, at \*4 (S.D. Cal. Aug. 12, 2010) (finding that failure to disclose documents and witness was not harmless because the opposing party was unable to prepare its defense in time for trial).

/////

As also noted at the outset, in determining whether to exclude the untimely disclosed experts the court is to consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Wendt*, 125 F.3d at 814. This action has been pending before the court since September 2013. Under the court's scheduling order, amended upon the stipulation of the parties on several occasions, all discovery, including expert discovery, is closed; the time for the filing of dispositive law and motion has passed, the Final Pretrial Conference is scheduled for less than six weeks from now and the jury trial is set for July of 2016. Consideration of the first three factors weighs in favor of exclusion under these circumstances. Consideration of the forth factor is neutral because exclusion of the reports in question with respect to a life care plan for plaintiff will not prevent disposition of this case on its merits. Finally, less drastic sanctions are not available here unless the court were to continue the Final Pretrial and Trial dates and reopen both fact and expert discovery. Given the age of this case, that alternative is untenable.

Accordingly, and in light of the absence of substantial justification and because of the prejudice to defendants if the late disclosure were allowed, the court grants defendants' motion to strike. The court now exercises its discretion to exclude Ms. Valdivia's expert report; to preclude Ms. Valdivia's testimony at trial; to strike the introductory portions of Ms. Budge's report relating to plaintiff's future life care needs; and to preclude testimony from Ms. Budge at trial on the subject of plaintiff's future life care needs.

CONCLUSION

Accordingly, defendants' motion to strike plaintiff's rebuttal/supplemental expert disclosures and corresponding expert reports (Doc. No. 54) is granted to the extent set forth above.

IT IS SO ORDERED.

Dated:   **April 18, 2016**

_____
UNITED STATES DISTRICT JUDGE