UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>YOUNG'S COMMERCIAL TRANSFER, INC., et al.,<br><br>                    Defendants. | No.  1:13-cv-01506-DAD-EPG<br><br><u>AMENDED FINAL PRETRIAL ORDER</u> |

On March 7, 2017, this court issued a final pretrial order in this action.  (Doc. No. 185.) National Railroad Passenger Corporation and Barbara Neu filed their filed objections on March 20, 2017.  (Doc. No. 186.)  Rigoberto Jimenez, Jimenez Trucking, and Young's Commercial Transfer, Inc. filed their objections on March 21, 2017.  (Doc. No. 187.)  Celia Ramirez filed a response to defendants' objections on March 28, 2017.  (Doc. No. 188.)  Having considered the parties' submissions, the court now issues this amended final pretrial order.

The original complaint in this action was filed September 10, 2013, by National Railroad Passenger Corporation ("Amtrak") against Young's Commercial Transfer, Inc. ("Young's") and Rigoberto Fernandez Jimenez, individually and d/b/a Jimenez Trucking.  (Doc. No. 1.)  On September 5, 2014, that action was consolidated with *Ramirez v. Jimenez, et al.*, Case No. 1:13-cv-02085.  (Doc. No. 27.)  On January 25, 2016, this court dismissed the parties in the lead case

1

of the consolidated action, leaving claims brought by Celia Ramirez against Rigoberto Jimenez, Jimenez Trucking, Amtrak, Amtrak engineer Barbara Neu, BNSF Railway Company ("BNSF"), and Young's, and claims brought in a cross-complaint by Rigoberto Jimenez, Jimenez Trucking, and Young's against Amtrak and Barbara Neu. (Doc. No. 52.) On April 18, 2016, the parties stipulated to dismissal of BNSF as a party to the action. (Doc. No. 83.) On June 28, 2016, this court issued an order granting in part defendants' motion for summary judgment, leaving only Celia Ramirez's claims against Amtrak, Barbara Neu, Rigoberto Jimenez, Jimenez Trucking, and Young's, as well as the cross-complaint by Rigoberto Jimenez, Jimenez Trucking, and Young's against Amtrak and Barbara Neu.[1] (Doc. No. 94.)

On December 5, 2016, following the issuance of the court's amended final pretrial order (Doc. No. 111), defendants collectively filed a stipulation wherein they agreed to: (i) admit joint and several liability to plaintiff Celia Ramirez for the injuries and damages, if any, arising out of the subject collision on September 19, 2011; and (ii) dismiss all cross-complaints against each other. (Doc. No. 151.)

On December 6, 2016, the jury trial in this action commenced. The jury, however, was unable to reach a verdict. (Doc. No. 172.) The court held a status conference on February 14, 2017, and agreed to issue a new pretrial order in preparation for retrial of the action, taking into account the defendants' stipulation of December 5, 2016 in which they admitted liability. (Doc. No. 183.) As noted above, the court issued its final pretrial order on March 7, 2017. (Doc. No. 185.)

In light of defendants' admission of liability, plaintiff Celia Ramirez now proceeds only on her negligence claims against defendants Amtrak, Barbara Neu, Rigoberto Jimenez, Jimenez Trucking, and Young's with respect to causation and damages.

I.    JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331. This court exercises jurisdiction of

---

[1] For ease of reference and in light of the parties remaining in this action, this pretrial order will refer to Celia Ramirez as the plaintiff in this action, and to Amtrak, Barbara Neu, Rigoberto Jimenez, Jimenez Trucking, and Young's as the defendants.

plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391 and is not contested.

II.     JURY

Both parties have demanded a jury trial.

III.     UNDISPUTED FACTS

1.     Geer Road is a two-lane, asphalt-paved road located in Modesto, California, that runs north and south, with one lane for travel in each direction.

2.     The lanes of travel on Geer Road were separated by solid double yellow lines.

3.     Northbound traffic on Geer Road travels over a railway grade crossing before reaching an intersection with Santa Fe Avenue, a street parallel to the rail tracks, which has a stop sign thirty three feet south of its southern edge.

4.     The rail crossing and the grade crossing warning system are on property owned and maintained by BNSF Railway.

5.     On September 19, 2011, traffic control for northbound motorists on Geer road included the following:

      i.     highway-rail grade crossing pavement markings approximately 680 feet south of the crossing;

      ii.     an advance highway-rail grade crossing warning sign, located approximately 308 feet south of the crossing;

      iii.     a stop line on the pavement located approximately thirty five feet south of the crossing;

      iv.     a mast mounted reflectorized crossbuck warning sign that was also equipped with red flashing warning lights;

      v.     a warning bell; and

      vi.     a crossing gate approximately twenty seven feet south of the crossing that are automatically activated by approaching trains.

6.     A similar array of active warning devices was also in place on the northwest side of the crossing for southbound motorists.

3

7.     The presence of the crossing was visible to a northbound driver.

8.     On September 19, 2011, at approximately 1:30 p.m., defendant Rigoberto Jimenez drove a 1991 Freightliner tractor truck, owned by him, in a northbound direction on Geer Road.

9.     Defendant Jimenez's truck pulled two trailers containing tomatoes, a semi and a pull trailer, both owned by Young's Commercial Transfer.

10.     The tractor passed the tracks at the Geer Road crossing and came to a stop before reaching the intersection, such that the rear trailer remained across the tracks.

11.     Defendant Jimenez was familiar with the crossing, and by his own estimation has driven through the crossing more than one hundred times.

12.     At the same time the train approached the Geer Road rail crossing, an Amtrak train, No. 713, was traveling northbound from Bakersfield to Oakland.

13.     The train consisted of lead locomotive No. AM 77, with four coaches, and was approximately 399 feet long.

14.     The train was operated by Amtrak engineer Barbara Ann Neu, who was acting in the course and scope of her employment.

15.     Plaintiff Celia Ramirez was a passenger on the train.

16.     The train collided with the Jimenez trailer.

17.     Portions of the subject accident were captured by the front end camera on the locomotive, and by a camera on neighboring property.

18.     The warning devices were working prior to, and at the time of the accident, and they were activated twenty eight seconds prior to the train's arrival.

19.     Before the collision, defendant Neu sounded the horn, and continued to sound it and bell warnings for eight seconds, from 13:37:52–13:38:00 event recorder time.

20.     After sounding the horn and bell, defendant Neu applied the emergency brakes

IV.     DISPUTED FACTUAL ISSUES

1.     The various speeds of the train as it approached the crossing.

2.     Whether plaintiff Celia Ramirez was injured by the collision.

3.     Whether plaintiff Celia Ramirez's medical or other expenses are attributable to the

4

subject incident.

    4.    Whether plaintiff Celia Ramirez's claimed expenses are reasonable and compensable.

    5.    Whether plaintiff Celia Ramirez suffered wage loss and loss of earning capacity as a result of the accident, and if so, what the reasonable amount of damages are for any losses.

## V.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

    The court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

    Any motions in limine are due no later than **twenty one (21) days before trial**. Opposition to defendant's motions shall be filed no later than **fourteen (14) days before trial** and any replies shall be filed no later than **ten (10) days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions in limine prior to the first day of trial.

## VI.    SPECIAL FACTUAL INFORMATION: TORT ACTION FOR PERSONAL INJURY

    Pursuant to Local Rule 281(b)(6)(iv), the following special factual information pertains to this action:

### Factual Information

    1.    This action concerns the collision of an Amtrak train with the rear trailer of a tractor trailer combination that occurred on September 19, 2011, at a railroad crossing located near the intersection of Geer Road and Santa Fe Street in an unincorporated area of Modesto, California.

### Basis for Liability

    1.    Plaintiff Ramirez contends that defendants are liable because they collectively caused the Amtrak train collision. The parties have stipulated to negligence. (Doc. No. 151.)

### Basis for Defenses

    1.    Defendants contend that plaintiff's injuries were not caused by the collision, and that plaintiff failed to mitigate her damages.

<u>Statutes, Ordinances, or Regulations Violated</u>

No statutes, ordinances, or regulations are relevant to this case.

<u>Applicability of Strict Liability or <i>Res Ipsa Loquitur</i></u>

Neither strict liability nor <i>res ipsa loquitur</i> are applicable in this case.

<u>Factual Information as to Plaintiff</u>

1.      Plaintiff was thirty three years old at the time of the incident.  She is currently thirty eight years old.

2.      Plaintiff contends that she suffered injury to her back, shoulders, neck, hips, knee and legs and feet as a result of the collision.  A decompression and fusion at L5-S1 was performed that did not solve the problem.  Defendants contend that the decompression and fusion surgery was not necessary and both Dr. Harvey Edmonds (plaintiff's retained neurologist) and Dr. Kurt Miller (defendants' retained neurologist) agree that the procedure was unnecessary. Plaintiff maintains that, in addition to the above, she suffers generalized anxiety disorder with panic attacks, depressive disorder, post-traumatic stress disorder, restless leg syndrome, weight gain due to restricted physical activity due to the effects of the collision, chronic low back pain, right gluteal muscle tear, leg weakness secondary to disuse atrophy, kinesophobia, carpal tunnel syndrome, migraine, and axonal sensory neuropathy.

3.      Defendants assert that plaintiff suffered chronic lumbar back pain prior to the accident, dating back to 2005.  Plaintiff acknowledges that she had back pain from time to time in the past, but disputes that she suffered from "chronic lumbar back pain."

4.      Plaintiff was taken to the Memorial Medical Center in Modesto via ambulance after the incident and released that day.  She was treated at several hospitals later.

5.      Plaintiff asserts medical specials as of May 16, 2016 amounting to approximately $344,212.49.  Defendants' expert asserts the figure should be below $100,000.  Plaintiff's retained medical expert, Dr. Harvey Edmunds, has opined that plaintiff will need comprehensive multispecialty rehabilitation, at an estimated cost of $50,000.00.  Plaintiff maintains that future medical expenses will exceed $326.848.

/////

6.      Plaintiff was not employed at the time of the incident, and claims continued disability.

7.      Plaintiff had not been employed for several years prior to the accident, and has not sought employment since the accident.

8.      Plaintiff contends that had the accident not occurred, she would have attended college at UC Berkeley and obtained a bachelor's degree.  Her expert estimates past and future loss of salary and benefits at $1,163,676, unless she is able to resume her education and accomplish her employment objectives.  Plaintiff maintains that loss of earnings/earning capacity claims range from $238,881 to $1,163,676 depending upon the period of disability

9.      Plaintiff is claiming damages for pain and suffering in the amount of $1,000,000.00 to $3,000,000.00 or more.

10.      Plaintiff does not claim property damage.

VII.    RELIEF SOUGHT

1.      Plaintiff seeks damages for wage loss.

2.      Plaintiff seeks damages for past and future hospital and medical expenses.

3.      Plaintiff seeks damages for severe and pain and suffering.

4.      Plaintiff seeks damages for loss of earning capacity and emotional distress.

VIII.   POINTS OF LAW

The court summarizes the parties' positions on several points of law below.[2]  Trial briefs addressing these points more completely shall be filed with this court no later than **seven (7) days before trial** in accordance with Local Rule 285.

/////

---

[2]  In addition, the court notes that at the first trial of this action, plaintiff requested that the jury be instructed with CACI 3929 regarding a defendant who is found liable being also responsible for additional harm resulting from the acts of others in providing reasonable required medical treatment, even if that treatment was negligently performed.  Defendants objected to the instruction.  The court declined to give it, determining that it did not apply in light of the evidence introduced at trial.  If plaintiff intends once again to request that this instruction be given, the parties are directed to address in their trial briefs the issue of whether the instruction applies under the facts of this case.

California Negligence Law: General Duty of Reasonable Care

"Everyone is responsible…for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself." (Cal. Civ. Code § 1714.) The elements of a negligence cause of action are: "(a) a *legal duty* to use due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

"In most cases, courts have fixed no standard of care for tort liability more precise than that of a reasonably prudent person under like circumstances." *Ramirez v. Plough, Inc.*, 6 Cal. 4th 539, 546 (1993). "But the proper conduct of a reasonable person under particular situations may become settled by judicial decision or be prescribed by statute or ordinance." *Id.* at 547. CACI 401 instructs the jury as to the general standard of care.

California Negligence Law: Operation of Motor Vehicles

The basic standard of care for the operator of a motor vehicle is summarized by CACI 700:

> A person must use reasonable care in driving a vehicle. Drivers must keep a lookout for pedestrians, obstacles, and other vehicles. They must also control the speed and movement of their vehicles. The failure to use reasonable care in driving a vehicle is negligence.

"'The degree of care required in watching the movements of a particular machine depends upon the facts and circumstances existing at the time and place of the accident' and a driver is required to use that degree of care, only, which would be required of a reasonably prudent driver under similar circumstances." *Whitford v. Pacific Gas & Elec. Co.*, 136 Cal. App. 2d 697, 702 (1955). "The operator of a vehicle must keep a proper lookout for other vehicles or persons on the highway and must keep his car under such control as will enable him to avoid a collision; failure to keep such a lookout constitutes negligence." *Downing v. Barrett Mobile Home Transport, Inc.*, 38 Cal. App. 3d 519, 524 (1974).

California Negligence Law: Operation of Railroads

"Generally speaking the duty to exercise reasonable or ordinary care is imposed upon the operator of a railroad at public highway crossings with respect to persons traveling upon the

highway and over the crossing, both as to the manner of operating the train and the maintenance of the crossing. The standard of care is that of the man of ordinary prudence under the circumstances." *Peri v. Los Angeles Junction Ry.*, 22 Cal. 2d 111, 120 (1943). "Ordinarily the issue of the negligence in crossing cases, whether the railroad was negligent . . . in the operation of the train, is one of fact as in other negligence cases." *Romo v. Southern Pac. Transportation Co.*, 71 Cal. App. 3d 909, 916 (1977). CACI 800 states the basic standard of care, as may applicable in accordance with federal law.

California Negligence Law: Common Carriers

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." Cal. Civ. Code § 2100. "The elevated standard of care for common carriers is 'based on a recognition that the privilege of serving the public as a common carrier necessarily entails great responsibility, requiring common carriers to exercise a high duty of care towards their customers.'" *Squaw Valley Ski Corporation v. Superior Court*, 2 Cal. App. 4th 1499, 1507 (1992), internal citations omitted. *See also* CACI 902.

Causation

Under California law, "A defendant's negligent conduct may combine with another factor to cause harm; if a defendant's negligence was a substantial factor in causing the plaintiff's harm, then the defendant is responsible for the harm; a defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing the plaintiff's harm; but conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct." *Yanez v. Plummer*, 221 Cal. App. 4th 180, 187 (2013); *see also* CACI 431.

IX.    ABANDONED ISSUES

1.    All claims against defendant BNSF were dismissed by stipulation. (Doc. No. 83.)

2.    Plaintiff's negligence claim against defendant Amtrak based on failure to train employees was dismissed by this court's order partially granting defendants' motion for summary judgment. (Doc. No. 94.)

3. Plaintiff's negligence claim against defendant Amtrak based on failure to warn passengers in emergency situations was dismissed by this court's order partially granting defendants' motion for summary judgment. (Doc. No. 94.)

4. All claims by defendants Rigoberto Jimenez, Jimenez Trucking, and Young's against defendants Amtrak and Barbara Neu were dismissed by stipulation. (Doc. No. 151.)

5. All defendants have stipulated to negligence, and contest only the issues of causation and damages. (Doc. No. 151.)

X. <u>WITNESSES</u>

Witnesses shall be those listed in **Attachment A**. Each party may call any witnesses designated by the other.

The parties dispute whether certain witnesses listed in the pre-trial order were timely disclosed and are appropriately designated as trial witnesses. (Doc. Nos. 186 at 3–9; 188 at 3–4.) Prior to the initial trial in this action, the court made note in its final pretrial order of the large number of witnesses listed by the parties in their joint pretrial statement, and admonished the parties that time limits on their presentations might be imposed to ensure compliance with the ten day trial length estimate. The parties ultimately called nine witnesses to testify during the initial trial. Based on this experience, the court anticipates that no witnesses beyond those who testified during the first trial will testify at the second trial. If the parties intend to call any additional witnesses, they shall notify the other parties and the court before the commencement of trial, and should be prepared to make a showing of good cause as to why the testimony of these witnesses is necessary. Plaintiff will be required to file and serve a list of any such additional witnesses no later than **fourteen (14) days** before trial, and defendants will be required to file and serve a list of those additional witnesses who will be called to testify in defendant's case no later than **seven (7) days** before trial.

A. The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

10

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI. EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment B**. At trial, plaintiff's exhibits shall be listed alphabetically. Defendant Amtrak's exhibits are listed in **Attachment C**, and defendants Jimenez and Young's exhibits are listed in **Attachment D**. At trial, defendants' exhibits shall be listed numerically. Defendants Jimenez, Jimenez Trucking, and Young's shall list exhibits using the numbers 100–299, and defendant Amtrak shall use the numbers 300 and on. All exhibits must be pre-marked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above, and with numbered pages for all exhibits. Each binder shall have an identification label on the front and spine.

The parties are to exchange exhibits no later than **twenty eight (28) days before trial**. Any objections to exhibits are due no later than **fourteen (14) days before trial**. The final exhibits are to be delivered to the court by **June 8, 2017**. In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    (1)    The exhibits could not reasonably have been discovered earlier;

    (2)    The court and the opposing parties were promptly informed of their existence;

    (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII.    DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **fourteen (14) days before trial**.

The parties may use the following discovery documents at trial.

Reporter's Transcripts and exhibits of depositions of:

    1.    Scott Berner

    2.    Cheryl Chandler

    3.    Marcus Chavez

    4.    Michael Crabtree

    5.    Charles Culver

6.     Harvey Edmonds, M.D.

7.     Maria Madalena Enes

8.     James Flynn

9.     John Heberger

10.     Brian Heikkila

11.     Rigoberto Jimenez

12.     Dan Layton

13.     Kurt Miller, M.D.

14.     Barbara Neu

15.     Officer Mathew McCain

16.     Celia Ramirez

17.     George Warren

Discovery responses by:

18.     Plaintiff, Celia Ramirez.

19.     Rigoberto Fernandez Jimenez/Jimenez Trucking

20.     Young's Commercial Transfer, Inc.

21.     National Railroad Passenger Corporation

22.     BNSF

23.     Barbara Neu

The parties may also use portions of depositions for impeachment purposes, as permitted by the Federal Rules of Evidence. In addition, the parties may use responses to interrogatories, request for admissions, and requests for production of documents in this case for impeachment purposes.

XIII.    <u>FURTHER DISCOVERY OR MOTIONS</u>

None. However, plaintiff anticipates producing additional medical records that will also be the subject of testimony, since plaintiff has continued to receive medical treatment.

XIV.   STIPULATIONS

     None.

XV.    AMENDMENTS/DISMISSALS

     Former defendant BNSF Railway Company has been dismissed pursuant to a stipulation between plaintiff Ramirez and BNSF Railway Company

     All claims by defendants Rigoberto Jimenez, Jimenez Trucking, and Young's against defendants Amtrak and Barbara Neu were dismissed by stipulation.

     All defendants have stipulated to negligence, and contest only the issues of causation and damages.

XVI.   SETTLEMENT

     The parties have taken part in private mediation which did not produce a settlement.  In addition, settlement conferences before Magistrate Judge Grosjean took place on November 28, 2016, and on April 11, 2017, but did not result in a settlement of this action.  No further settlement conferences will be scheduled.

XVII.  JOINT STATEMENT OF THE CASE

     This lawsuit arises out of a collision involving a tractor-trailer combination rig and an Amtrak passenger train, which occurred at the rail crossing of Geer Road near Santa Fe Avenue in Denair, California on September 19, 2011.  Plaintiff, Celia Ramirez, was a passenger on the Amtrak train.

     Defendant, Rigoberto Jimenez was the owner and operator of the tractor, and Young's Commercial Transfer was the owner of the attached trailers involved in the accident.  Barbara Neu was the engineer of the Amtrak train involved in the accident.

     Plaintiff Ramirez, alleges she was injured in the collision and seeks monetary damages for past and future medical expenses, past wage loss and loss of earning capacity, and for pain, suffering, and emotional distress.

     Defendants admit legal responsibility for this accident.  However, defendants dispute the nature and extent of plaintiff Ramirez's claimed medical injuries, and dispute the necessity and reasonableness of her medical treatment.  Defendants also deny that plaintiff Ramirez is entitled

14

to recover for wage loss and loss of future earnings.

XVIII. <u>SEPARATE TRIAL OF ISSUES</u>

None requested.

XIX. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

None.

XX. <u>ATTORNEYS' FEES</u>

Neither party seeks attorneys' fees.

XXI. <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

None.

XXII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

Jury trial is set for **June 13, 2017**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last no more than ten days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are to call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIII. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

The parties shall file any proposed jury *voir dire* **seven (7) days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **fourteen (14) days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **fourteen (14) days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to <u>dadorders@caed.uscourts.gov</u> no later than **fourteen (14) days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **seven (7) days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the

basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXIV. TRIAL BRIEFS

As noted above, trial briefs are due **seven (7) days before trial**.

XXV. CONCLUSION

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **April 25, 2017**   _____
UNITED STATES DISTRICT JUDGE

ATTACHMENT A: Witnesses

1. Michael Aldaco, Director, Admissions and Records, Contra Costa College

2. Ramon Barrios, Amtrak

3. Chief Scott Berner, Hughson Fire Protection District, 2316 3rd Street, Hughson, CA (209) 883-2863

4. Manuel Bravo, Young's Commercial Transport, 2075 W. Scranton, Porterville, CA 93257 (559) 310-0968

5. Leo Calieco, Amtrak

6. Zack Carlson, Amtrak

7. Marcus Chavez

8. Captain Michael Crabtree, Hughson Fire Protection District, 2316 3rd Street, Hughson, CA  (209) 883-2863.

9. Matt Dorland, BNSF employee

10. Joe Duncan, Young's Commercial Transport, 2075 W. Scranton, Porterville, CA 93257 (559) 310-0968

11. Maria Madelena Enes, 8656 Peacock Way, Hilmar, CA 95324 (209) 669-1024

12. Matt Fowles, California Highway Patrol, 601 N. 7th, Sacramento, CA 95831 (800) 835-5247

13. Elijah Garza, 381 Danielle Way, #C, Woodlake, CA 93286, plaintiff's son

14. Jose Gonzalez, 27817 Avenue 146, Porterville, CA 93257 (559) 719-0812

15. Jonathan Hines, Amtrak employee

16. Trinity Hernandez, 381 Danielle Way, #C, Woodlake, CA 93286, plaintiff's daughter

17. Julia Hernandez, 381 Danielle Way, #C, Woodlake, CA 93286, plaintiff's daughter

18. Rigoberto Fernandez Jimenez

19. Andrea John, 917 Zina Lane, Turlock, CA 95380 (209) 535-6295

20. Jon Lindskoog, 5213 W. Main Street, Turlock, CA 95381 (209) 664-3346

21.    Julia Martinez, 451 E. Lakeview, Woodlake, CA 93286, plaintiff's mother

22.    Officer Matthew McCain, Badge Number 018216, California Highway Patrol, 4030 Kiernan Avenue, Modesto, CA 95356.  (209) 545-7440

23.    Kyle Michaels, Amtrak

24.    Barbara Ann Neu, 16073 Gramercy Drive, San Leandro, California 94579 (510) 278-6679

25.    Lizette Ponthier, Contra Costa College

26.    Celia Ramirez

27.    Zack Rey

28.    Greg Santos, Amtrak employee

29.    Ronny Schaefer, Amtrak employee

30.    Keith Schoon, Director, Community College Transfer Center, Transfer Alliance Project, University of California, Berkeley, 2150 Kittredge Street, Suite 3A, Berkeley, CA 94720 (510) 643-7159

31.    Marty Severance, Amtrak

32.    Theodore Sierra, plaintiff's nephew

33.    Dennis Skeels, BNSF employee

34.    Dennis Stonecypher, BNSF employee

35.    Patrick Sullivan, Amtrak employee

36.    Anthony Tanachion, 1985 San Luis Street, Los Banos, CA 93635 (209) 704-2873

37.    George Warren, Amtrak employee

38.    Larry Young, Young's Commercial Transfer, 2075 W. Scranton, Porterville, CA 93257 (559) 784-6651

Passengers

39.    Dominic Arnold, 535 Park Avenue, Apt. 6, Rodeo, CA 94572

40.    Kevin Arnold, 535 Park Avenue, Apt. 6, Rodeo, CA 94572

41.    Elizabeth Al-Iman, PO Box 11, Hayward, CA 94543 (510) 305-7833

42.    Rasun Allah, 1865 Tioga Pass Way, Antioch, CA 94531 (818) 297-0927

43. Sharon Andres, 1271 Washington Ave., No. 726, San Leandro, CA 94577

44. Monique Ballin, 1900 E. Street, Fresno, CA 93703 (559) 417-4793

45. Desiree Carey, 8022 Tamoshanter Street, #296, Stockton, CA 95210 (805) 734-7291

46. Lynn Chase, 615 Chestnut, Corning, CA 96021

47. Moises Chavez, 1912 35th Street, Oakland, CA 94601

48. Reginald Durell Colbert, 333 Lester, Apt. 3A, Oakland, CA 94601

49. Samyka Crane, 713 Putnam Way, Antioch, CA 94509

50. Mageela Dixon, 1647 W. Kearney Blvd., Fresno, CA 93706 (415) 871-6834.

51. Marissa Elder

52. Paul Farve, 3900 3rd Street, San Francisco, CA 94124 (415) 678-6580

53. Santos Matilde Flores, 2752 58th Street, Apt. B, Huntington Park, CA 90255

54. Jonathan Mark Freemantle, 515 Van Buren, Apt. D, Oakland, CA 94610 (510) 585-1424

55. Aerisina Keyona George, 1027 Loughborouch Drive, Apt. A, Merced, CA 95346 (510) 830-8471

56. Saundra Hardaway, 2553 Manchester Ave., #1, San Pablo, CA 94806 (510) 230-1601

57. Omar Jovel

58. Mary Lou Lemas, 545 Road 29, grand Junction, CO 81504

59. Alisha Little, 2107 White Forge Ct., Stockton, CA 95212 (209) 373-0061

60. David J. Lobay, 42490 Road 415, Coarsegold, CA 93614

61. Sheila Lockhart, 1900 E. Street, Fresno, CA 93703 (510) 921-1721

62. Gwendolyn McClure, 2370 Lancaster Drive, San Pablo, CA 94806 (510) 222-2806

63. Santos Naevae, 1604 Avenue 33, Oakland, CA 94601 (510) 575-4907

64. Shikibullah Noori

65. Jakhare Rankins, 3393 N. Millbrook, #44, Fresno, CA 93726 (559) 367-7615

66. Christina Rivera, 15980 Drake Road, Guerneville, CA 95446 (707) 293-7283

1     67.     Charles Irvine Williams, 2410 Aberdeen, Apt. 15, San Pablo, CA 94806.

2     <u>Non-Retained Treating Physicians</u>:

3     68.     Arash Afari, M.D., TEMPLE COMMUNITY HOSPITAL, 235 North Hoover

4            Street, Los Angeles, CA 90026

5     69.     Patrick Alore, M.D., FRESNO IMAGING CENTER, 6191 N. Thesta, Fresno, CA

6            93710 (559) 447-2600

7     70.     Richard Anderson, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West

8            Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and

9            Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

10     71.     Randall Aybar, M.D., TEMPLE COMMUNITY HOSPITAL, 235 North Hoover

11            Street, Los Angeles, CA 90026

12     72.     Edward Barton, M.D., INTRANERVE, 13 S. Tejon, Suite 501, Colorado Springs,

13            CO 80903

14     73.     Jared Boothe, AMERICAN MEDICAL RESPONSE, 4701 Stoddard Road,

15            Modesto, CA 95354

16     74.     Daniel D. Brown, D.O., KAWEAH DELTA DISTRICT HOSPITAL, 520 West

17            Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and

18            Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

19     75.     Jose Campos, M.D., KAWEAH DELTA EXETER HEALTH CLINIC, 1014 San

20            Juan Avenue, Exeter, CA 93221

21     76.     Kenneth Chong, M.D., FRESNO IMAGING CENTER, 6191 N. Thesta, Fresno,

22            CA 93710 (559) 447-2600

23     77.     Mariella Corchado, M.D., FRESNO IMAGING CENTER, 6191 N. Thesta,

24            Fresno, CA 93710 (559) 447-2600

25     78.     Alma Corvera, P.A., KAWEAH DELTA DISTRICT HOSPITAL, 520 West

26            Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and

27            Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

28     79.     Stephanie Davis, PT, DASH THERAPY, 1827 S. Court Street, Visalia, CA 93277

80. Kevin Do, M.D., PROSPICE MEDICAL GROUP, 4770 N. Cedar, Suite 103, Fresno, CA 93726 (559) 226-6824

81. Ruqayya Gill, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

82. Ron Goldstein, M.D., THE INSTITUTE FOR HAND AND MICROSURGERY, 3000 W. MacArthur Blvd., Suite 600, Santa Ana, CA 92704

83. Matthew Graber, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090.

84. David Hang, M.D., FRESNO IMAGING CENTER, 6191 N. Thesta, Fresno, CA 93710 (559) 447-2600

85. R. Marvin Jabola, M.D., MEMORIAL MEDICAL CENTER, 1700 Coffee Road, Modesto, CA 95355

86. Cory Jacques, M.D., KAWEAH DELTA EXETER HEALTH CLINIC, 1014 San Juan Avenue, Exeter, CA 93221

87. Malcolm C. Johnson, M.D., DOCTORS MEDICAL CENTER, 2000 Vale Road, San Pablo, CA 94806

88. Sean Johnston, M.D., CALIFORNIA IMAGING NETWORK, INC., 6641 Wilshire Blvd., Suite 105, Beverly Hills, CA 90211 (310) 289-8678

89. Chadi Kahwaji, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

90. Douglas Kerr, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

91. Christine T. Ko, M.D., DOCTORS MEDICAL CENTER, 2000 Vale Road, San Pablo, CA 94806

1       92.    Christopher Lee, M.D., DOCTORS MEDICAL CENTER, 2000 Vale Road, San

2                 Pablo, CA 94806

3       93.    Dae Lee, M.D., BRENTWOOD ORTHOPEDIC AND SPINE SURGERY, 11980

4                 San Vicente Blvd., Suite 114, Los Angeles, CA 90049

5       94.    Tom Leskovar, M.D., PHYSICIAN'S IMAGING, 137 S. Aspen Court, Suite A,

6                 Visalia, CA 93291 (559) 624-0160

7       95.    Sean Mangskau, ET, AMERICAN MEDICAL RESPONSE, 4846 Stratos Way,

8                 Modesto, CA 95356 (800) 913-9142

9       96.    Alexus Manneh, P.A., KAWEAH DELTA DISTRICT HOSPITAL, 520 West

10                 Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and

11                 Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

12       97.    Nick Mashour, M.D., PO Box 1867, Huntington Beach, CA 92647 (714) 540-5900

13       98.    Shirley McWilliams, LAC, SHIRLEY McWILLIAMS ACUPUNCTURE, INC.,

14                 4770 N. Cedar, Suite 103, Fresno, CA 93726 (559) 226-6824

15       99.    Kristen Myles, CNIM, INTRANERVE, 13 S. Tejon, Suite 501, Colorado Springs,

16                 CO 80903

17      100.    Kenneth C. Nieberg, M.D., BRENTWOOD ORTHOPEDIC AND SPINE

18                 SURGERY, 11980 San Vicente Blvd., Suite 114, Los Angeles, CA 90049

19      101.    Shun Pa, M.D., MEMORIAL MEDICAL CENTER, 1700 Coffee Road, Modesto,

20                 CA 95355

21      102.    Miguel Palos, M.D., TEMPLE COMMUNITY HOSPITAL, 235 North Hoover

22                 Street, Los Angeles, CA 90026

23      103.    Michael Rappaport, M.D., FRESNO IMAGING CENTER, 6191 N. Thesta,

24                 Fresno, CA 93710 (559) 447-2600

25      104.    Jerome Robson, M.D., PROSPICE MEDICAL GROUP, 4770 N. Cedar, Suite

26                 103, Fresno, CA 93726 (559) 226-6824

27      105.    Glade Roper, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West

28                 Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and

1   Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090.

2   106.   Amjad Safvi, M.D., MID VALLEY IMAGING, 9500 Artesia Blvd., Bellflower,
3          CA 90706

4   107.   Michael Shin, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West
5          Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and
6          Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090.

7   108.   Roger Shortz, M.D., PROSPICE MEDICAL GROUP, 4770 N. Cedar, Suite 103,
8          Fresno, CA 93726 (559) 226-6824

9   109.   Gregg Shubert, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West
10         Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and
11         Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

12  110.   Mohinder Sohal, M.D., TEMPLE COMMUNITY HOSPITAL, 235 North Hoover
13         Street, Los Angeles, CA 90026

14  111.   Brian M. Swan, M.D., PROSPICE MEDICAL GROUP, 4770 N. Cedar, Suite 103,
15         Fresno, CA 93726 (559) 226-6824

16  112.   Jeffrey Swensen, M.D., KAWEAH DELTA DISTRICT HOSPITAL, 520 West
17         Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA and
18         Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

19  113.   Steven Torres, M.D., FRESNO IMAGING CENTER, 6191 N. Thesta, Fresno, CA
20         93710 (559) 447-2600

21  114.   Thomas B. Traut, M.Ed., FUNCTIONAL ERGONOMICS, 4200 Truxton Avenue,
22         Suite 106, Bakersfield, CA 93309 (661) 328-0692

23  115.   Elizabeth Tully, M.D., 1014 San Juan Avenue, Exeter, CA 93221

24  116.   Jeffrey Wang, M.D., MEMORIAL MEDICAL CENTER, 1700 Coffee Road,
25         Modesto, CA 95355

26  117.   Angela Fisher Weaver, PA., KAWEAH DELTA DISTRICT HOSPITAL, 520
27         West Mineral King, Visalia, CA 93191 and 400 West Mineral King, Visalia, CA
28         and Urgent Care Center, 1633 S. Court Street, Visalia, CA 93277 (559) 624-6090

118. Stephen E. Williams, P.A.-C, PROSPICE MEDICAL GROUP, 4770 N. Cedar, Suite 103, Fresno, CA 93726 (559) 226-6824

119. Moshe H. Wilker, M.D., BRENTWOOD ORTHOPEDIC AND SPINE SURGERY, 11980 San Vicente Blvd., Suite 114, Los Angeles, CA 90049

120. Darrell Wilson, AMERICAN MEDICAL RESPONSE, 4701 Stoddard Road, Modesto, CA 95354

121. Ronald P. Ybarra, D.C., IBARRA CHIROPRACTIC, INC., 1524 South Mooney Boulevard, Visalia, CA 93277 (559) 525-2225

122. Elizabeth Yoo, M.D., TEMPLE COMMUNITY HOSPITAL, 235 North Hoover Street, Los Angeles, CA 90026

123. Charles F. Xeller, M.D., PROSPICE MEDICAL GROUP, 4770 N. Cedar, Suite 103, Fresno, CA 93726 (559) 226-6824

Retained Experts:

124. Joahnna D. Evans Budge, RN, 1581 W. Iron Horse Blvd., Bluffdale, UT 84065 (559) 741-3054, plaintiff's expert

125. Cheryl R. Chandler, M.A., 8469 N. Millbrook, Suite 102, Fresno, CA 93720 (559) 248-8200, plaintiff's expert

126. Charles L. Culver, 2951 Marina Bay Drive, Suite 130-474, League City, TX 77573 (281) 486-1859, plaintiff's expert

127. Harvey L. Edmonds, M.D., 728 E. Bullard, Suite 104, Fresno, CA 93710 (885) 267-2767), plaintiff's expert

128. James E. Flynn, P.D., J2 ENGINEERING, INC., 5234 E. Pine, Fresno, CA 93727 (559) 251-5600, Amtrak's expert

129. Agnes M. Grogan, R.N., B.S., GROGAN & ASSOCIATES, 4186 Racquet Club Drive, Huntington Beach, CA 92649 (714) 840-1777, defendants' expert

130. John W. Heberger, CPA, 5900 North Fruit, Suite 102, Fresno, CA 93711 (559) 227-9772, plaintiff's expert

131. Brian Heikkila, DENNIN, HEIKKILA & ASSOCIATES, 312 Crosstown Drive,

1   No. 206, Peachtree city, GA 30269 (404) 216-6497, Amtrak's expert

2   132.   Steven D. Koobatian, Ph.D., C.R.C., VOCATIONAL DESIGNS, INC., 401 North

3   Church, Visalia, CA 93291 (559) 627-8150, defendants' expert

4   133.   Dan Layton, Dan Layton & Associates, 3941 Park Drive #20-306, El Dorado

5   Hills, CA 95762 (530) 672-6297, Jimenez' expert

6   134.   Kurt V. Miller, M.D., 1660 East Herndon, Suite 150, Fresno, CA 93720,

7   defendants' expert

8   /////

9   /////

10   /////

11   /////

12   /////

13   /////

14   /////

15   /////

16   /////

17   /////

18   /////

19   /////

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

ATTACHMENT B: Plaintiff's Exhibit List

Medical Bills and Records

1.   AIM Radiology

2.   American Medical Response

3.   California Imaging Network

4.   Jose Campos, M.D.

5.   Dash Physical Therapy

6.   Doctor's Medical Center

7.   Fresno Imaging

8.   Ron Y. Goldstein, M.D./The Institute for Hand and Microsurgery

9.   Ronald Ibarra, DC

10.  Intranerve LLC

11.  Corey Jacques, M.D.

12.  Kaweah Delta District Hospital

13.  Kaweah Delta Health Care Clinics

14.  Nick Mashour, M.D.

15.  Memorial Medical Center

16.  Mid Valley Imaging

17.  Physician's Imaging

18.  Prospice Medical Group

19.  Temple Community Hospital

20.  Elizabeth Tully, M.D.

21.  Moshe Wilker, M.D.

22.  Ronald Ybarra, DC

Reports

23.  Hughson Fire Department Reports

24.  Traffic Collision Report by CHP Officer McCain and supplements

25.  Reports and deposition exhibits of Harvey Edmonds, M.D.

26. Reports and deposition exhibits of Kurt Miller, M.D.

27. Reports and deposition exhibits of Dan Layton

28. Reports of Agnes Grogan

29. Reports of Steven Koobatian, Ph.D.

30. Reports and deposition exhibits of Brian Heikkila

31. Reports and depositions exhibits of James Flynn

32. Reports and deposition exhibits of Charles Culver.

<u>Other Exhibits</u>

33. Bates Nos. P 2.1-2.5, Ramirez Transcript, Scholarship and Transfer Documents

34. Bates Nos. P1-P193 and P2.1-2.30, Ramirez Production

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

ATTACHMENT C: Defendant Amtrak's Exhibit List

1. Bates Nos. NRPC 00001-2, NRPC Locomotive Event Recorder/Camera Download Custody Logs for locomotive unit 77 and cab car 8314; CD containing data from locomotive event recorder

2. Bates Nos. NRPC 00003-9, Tabular and graph data tables from locomotive event recorder

3. Bates Nos. NRPC 00010-00011, Unusual Occurrence Report dated 9/20/2011 completed by Greg Santos

4. Bates Nos. NRPC 00012, Pacific Division Delay Report

5. Bates Nos. NRPC 00013-14, Maintenance Analysis Program (MAP), locomotive/cab car inspection reports for locomotive unit 77 and cab car 8314

6. Bates Nos. NRPC 00015-71, Maintenance Analysis Program (MAP), locomotive cab/car inspection and repair records

7. Bates Nos. NRPC 00072-73, Recorded information, locomotive event recorder (unit 77)

8. Bates Nos. NRPC 00074, Train 713 consist

9. Bates Nos. NRPC 00075, Centralized National Operations Center (CNOC) Report from 9/20/2011

10. Bates Nos. NRPC 00076-91, California Highway Patrol Police Report

11. Bates Nos. NRPC 00092-93, Statements from Amtrak conductor Ronny Schaefer and Assistant conductor Zack Carlson; Video from locomotive camera; Video from security camera on premises of Associated Feed near the involved crossing

12. Bates Nos. NRPC 00094, Work Order

13. Bates Nos. NRPC 00095-258, Amtrak Air Brake and Train Handling Rules and Instructions (AMT-3) effective January 10, 2011

14. Bates Nos. NRPC 00259-274, Amtrak Safety Instructions for Transportation employees on or about locomotives, cars or equipment (AMT-5) effective January 5, 2009

15. Bates Nos. NRPC 00275-426, General Code of Operating Rules, 6th Edition, Effective April 7, 2010

16. Bates Nos. NRPC 00427-428, Amtrak Documents

17. Bates Nos. NRPC 00429-572, Operating Manual, Genesis Series 1 – Diesel Electric Locomotives

18. Bates Nos. NRPC 00573, Weight Report

19. Bates Nos. NRPC 00574-598, Alstom Documents

20. Bates Nos. NRPC 00599-602, Amtrak Equipment Director

21. Bates Nos. NRPC 00603-629, Miscellaneous Amtrak documents

22. Bates Nos. NRPC 00630-640, U.S. Department of Transportation Crossing Inventory, photos and diagram

23. Bates Nos. NRPC 00641, Barbara Neu Efficiency Test

24. Bates Nos. NRPC 00642, Work Order History, locomotive 77

25. Bates Nos. NRPC 00643-796, 2011 System General Road Foreman Notices

26. Bates Nos. NRPC 00797-821, Amtrak Equipment Work Orders

27. Bates Nos. BNSF 00001-20, BNSF Inspection Report – highway grade crossing tests and inspections

28. Bates Nos. BNSF 00021-25, BNSF highway grade crossing signal post-incident test: instructions and checklist

29. Bates Nos. BNSF 00026-29, BNSF signal ticket report

30. Bates Nos. BNSF 00030-55, General Track Bulletin No. 31571

31. Bates Nos. BNSF 00056, Diagram of crossing on google maps satellite image

32. Bates Nos. BNSF 00057-82, U.S. Department of Transportation – Crossing Inventory information as of 9/20/2011

33. Bates Nos. BNSF 00083-84, U.S. Department of Transportation-Federal Railroad Administration Accident/Incident Reports for Crossing ID No. 028732U

34. Bates Nos. BNSF 00085-110, Photographs from incident scene and photo log

35. Bates Nos. BNSF 00111-121, Photographs of crossing showing train approach

1      36.     Bates Nos. BNSF 00122-124, Weather information and history for crossing

2               location dated 9/20/2011

3    /////

4    /////

5    /////

6    /////

7    /////

8    /////

9    /////

10   /////

11   /////

12   /////

13   /////

14   /////

15   /////

16   /////

17   /////

18   /////

19   /////

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

ATTACHMENT D: Defendant Jimenez and Young's Exhibit List

1. Bates Nos. DFJ001-DFJ024, Photographs of train

2. Bates Nos. DFJ025-DFJ035, 09/28/11 SCA Appraisal Company Estimate re 2009 Utility Pull Trailer #2041

3. Bates No. DFJ036, 09/29/11 Accord Automobile Loss Notice

4. Bates Nos. DFJ037-DFJ040, Coastal Brokers Insurance Services First Notice of Loss

5. Bates Nos. DFJ041-DFJ076, Photographs of train and scene

6. Bates Nos. DFJ077-DFJ083, Data Table from Amtrak re train speed and braking

7. Bates No. DFJ084. California DMV Registration for 1991 Freightliner

8. Bates Nos. DFJ085-DFJ106, 09/28/11 SCA Appraisal estimate with On Road Tractor-Trailer Caption Report of Initial Inspection

9. Bates Nos. DFJ107-DFJ108, Copy of Jimenez California driver's license

10. Bates Nos. DFJ109-DFJ185, Scottsdale Insurance Policy

11. Bates Nos. DFJ185-DFJ188, Certificates of Title for Young's Commercial Transfer – Utility Trailer 4JZ1426 and 4JZ1427

12. Bates Nos. DFJ189-DFJ196, 09/30/11 Crawford & Company Photo Sheets (scene)

13. Bates Nos. DFJ197, Google maps of 4380 Geer Road

14. Bates Nos. DFJ198, Modesto News photo

15. Bates Nos. DFJ199, Google maps of 4380 Geer Road

16. Bates Nos. DFJ200-DFJ201, Certificates of Title for Young's for trailers

17. Bates Nos. DFJ202, Salvage value re utility trailer

18. Bates Nos. DFJ203, News 10 article on tomato hauler, Amtrak crash

19. Bates Nos. DFJ204-DFJ209, SCA Appraisal Company Photos of truck and trailers

20. Bates Nos. DFJ210, Modesto News photo

21. Bates Nos. DFJ211-DFJ214, SCA Appraisal Company Photos of truck and trailer debris

22. Bates Nos. DFJ215, Google Maps Street photo 4380 Geer Road – view of rail

crossing

23. Bates Nos. DFJ251-DFJ255, 09/19/11 Accident Report with diagram, handwritten report by Jose Gonzalez and statement by Jimenez

24. Bates Nos. DJF256-DFJ268, 09/19/11 Traffic Collision Report by CHP McCain

25. Bates Nos. DFJ269-DFJ270, 10/13/11 Santos Matilde Flores letter to CHP

26. Bates Nos. D DFJ271-DFJ273, 11/14/11 Narrative/Supplemental Traffic Collision Report by CHP McCain

27. Bates Nos. DFJ274-DFJ275, 11/28/11 David Lobay letter to CHP

28. Bates No. DFJ276, 11/14/11 Narrative/Supplemental Traffic Collision Report by CHP McCain

29. Bates No. DFJ277, 12/26/11 Lynn Chase statement

30. Bates No. DFJ278, 10/03/11 Narrative/Supplemental Traffic Collision Report by CHP Balos

31. Bates No. DFJ279, Truck/Bus Collision Supplemental Report by CHP McCain

32. Letter to Celia Ramirez from Keith Schoon, TAP, University of California, Berkeley

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////